**Bernard Joseph ROSA, Jr.,**
**Plaintiff–Appellant,**

v.

State of **CALIFORNIA**, a Government Entity; California Board of Accountancy; Carol Sigmann, an individual and in her capacity as agent and employee of the CBA; Gregory P. Newington, an individual and in his capacity as agent and employee of the CBA; Lawrence Knapp, an individual and in his capacity as agent and employee of the CBA; Edmund G. Brown Jr.,\* Attorney General of California; Joel Prime, an individual and in his capacity as agent and employee of the California Attorney General as a deputy attorney general; Ronald Deidrich, an individual and in his capacity as agent and employee of the California Attorney General as a deputy attorney; Michael R. Granen, an individual and in his capacity as agent and employee of the California Attorney General as a deputy attorney; Stephen J. Smith, Administrative Law Judge, Defendants–Appellees.

No. 05–16783.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Oct. 17, 2007.

Filed Dec. 12, 2007.

---

\* Edmund G. Brown Jr. is substituted for his predecessor, Bill Lockyer, as Attorney General of California, pursuant to Fed. R.App. P. 43(c)(2).

Bernard Joseph Rosa, Jr., Sebastopol, CA, pro se.

Ismael A. Castro, Esq., Office of the California Attorney General, Sacramento, CA, for Defendants–Appellees.

Before: HUG, W. FLETCHER, and CLIFTON, Circuit Judges.

### MEMORANDUM **

Bernard Joseph Rosa, Jr. appeals the dismissal of his claims against defendants, the State of California, the California Board of Accountancy (CBA), three agents of the CBA (Carol Sigmann, Gregory P. Newington, and Lawrence Knapp), the California Attorney General (AG), three deputy AGs (Joel Prime, Ronald Deidrich, and Michael Granen), and Administrative Law Judge (ALJ) Stephen Smith. The federal district court dismissed Rosa's claims for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). "Dismissal without leave to amend is improper unless it is clear, upon *de novo* review, that the complaint could not be saved by any amendment." *Vasquez v. Los Angeles County,* 487 F.3d 1246, 1258 (9th Cir.2007). We review the district court's dismissal de novo and affirm the district court.

█ The district court dismissed Rosa's claims against the State of California and the CBA on the ground that the claims were barred by sovereign immunity. The Eleventh Amendment gives California immunity from suits brought by its citizens in federal court unless California waives that immunity. *See Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 54, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996). This immunity

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

extends to state agencies. *In re Harleston*, 331 F.3d 699, 701 (9th Cir.2003). The record contains no evidence that California or the CBA waived immunity. Accordingly, we conclude the district court properly dismissed Rosa's claims against the State of California and the CBA.

The district court dismissed Rosa's claims against then California AG Bill Lockyer and deputy AGs Joel Prime, Ronald Deidrich, and Michael Granen on the ground that the claims were barred by the applicable statute of limitations. Parties have one year to commence claims brought under 42 U.S.C. § 1986, and California's statute of limitations for personal injury actions (one year at the time of the alleged violations) governs claims brought pursuant to 42 U.S.C. § 1983 and § 1985. 42 U.S.C. § 1986 (2003); *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132–33 (9th Cir. 2007); *Taylor v. Regents of University of California*, 993 F.2d 710, 711–12 (9th Cir. 1993).

Rosa alleged the AG and his agents acted wrongfully as late as 1994. Rosa did not file this action against the AG and his agents until 2004, well beyond the one-year time limit set forth by California's personal injury statute of limitations and by 42 U.S.C. § 1986. Thus, we conclude the district court properly dismissed Rosa's claims against the California AG and his agents. *See id.*

█ The district court additionally found Rosa's claims against the AG, the AG's agents, the CBA's agents, and the ALJ Stephen Smith were barred by prosecutorial and judicial immunity. Prosecutors performing in their official functions are entitled to absolute immunity, and officials, such as agency officials, who act as judges or prosecutors in a court-like setting are considered "quasi-judicial" and are entitled to immunity. *See Butz v. Economou*, 438 U.S. 478, 511–12, 515, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978); *Mil-*

*stein v. Cooley*, 257 F.3d 1004, 1007–08 (9th Cir.2001); *Romano v. Bible*, 169 F.3d 1182, 1186 (9th Cir.1999).

Here, the district court found the CBA's agents, the AG, the AG's agents, and the ALJ were acting in a judicial, prosecutorial, or quasi-judicial manner and accordingly were entitled to absolute immunity. We conclude that the district court properly found the defendants were entitled to immunity and properly dismissed the claims for damages against them.

█ The district court dismissed Rosa's equitable claim for relief on the ground that it was barred by the *Younger* abstention doctrine. We conclude the district court properly applied the *Younger* abstention doctrine to Rosa's equitable claim because state proceedings were ongoing, implicated an important state interest, and provided an adequate opportunity to litigate federal claims. *See Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982); *Gilbertson v. Albright*, 381 F.3d 965, 973 (9th Cir.2004).

Finally, the district court dismissed Rosa's state law claims pursuant to 28 U.S.C. § 1367(c)(3), which allows a district court to decline to exercise supplemental jurisdiction over state law claims when all of the federal claims have been dismissed. As discussed above, the district court properly dismissed all of Rosa's federal claims. Accordingly, we conclude the district court properly dismissed Rosa's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

For the reasons discussed above, we AFFIRM the district court's order dismissing Rosa's claims.

**AFFIRMED.**